[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14559

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-01170-CV-J-20-MCR

CONTINENTAL CASUALTY COMPANY,
TRANSPORTATION INSURANCE COMPANY,
TRAVELERS INDEMNITY CO.,

Plaintiffs-Counter
Defendants,

versus

CITY OF JACKSONVILLE
JACKSONVILLE ELECTRIC AUTHORITY
et al.,

Defendants-Counter
Claimants,

DUVAL COUNTY SCHOOL BOARD,

Defendant-Counter
Claimant-Appellant,

versus

CENTURY INDEMNITY COMPANY,

Defendant-Counter
Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2010)

Before EDMONDSON and CARNES, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

Plaintiff-School Board sued Defendant-insurance company when the latter refused to indemnify and defend Plaintiff in a toxic tort suit. Plaintiff had purchased land once used as a landfill, built a school on it, and allowed housing developments to be built near it. Plaintiff was later sued. The cause of action against Plaintiff was not based on a discharge of pollutants by Plaintiff, but was based -- briefly stated -- on building schools on polluted land without warning families. When sued, the Plaintiff sought indemnity and a defense; but Defendant claimed the pertinent insurance policy excluded pollution suits. The district court agreed and granted summary judgment to Defendant. We affirm the judgment.

This case is controlled by state law. The pertinent insurance contract has two provisions that seem important. The insurance contract said Defendant would pay:

_____

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

"all sums which [Plaintiff] shall become legally obligated to pay as damages because of

    A.  bodily injury or

    B.  property damage

to which this insurance applies, caused by an occurrence, and the [Defendant] shall have the right and duty to defend [Plaintiff]."

The policy included an exclusion, which barred coverage for

"bodily injury or property damage arising out of the discharge, dispersal, release or escape of [various] pollutants into or upon land . . . but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

In our view, the contract is not ambiguous. In addition, we conclude that, even if Plaintiff is not itself a polluter, the exclusion applies: the provision is not about who caused the pollution, but is about pollution and its effects underlying a claim. Moreover, we conclude that the claim against Plaintiff, for which Plaintiff seeks coverage, does "arise out of the discharge of pollutants into or upon the land." The claim did "arise out of the discharge of pollutants into or upon the land" even if the Plaintiff did not place the pollutant into or upon the ground.

Furthermore, a concurrent harm argument does not get around the exclusion.

In the tort case against Plaintiff, the alleged injury was caused by the presence of pollutants that had been put in the land; even though the suit alleged harm from Plaintiff's failure to warn of the danger, had there been no discharge of pollutants into the ground, no warning would have been needed. We have considered all of the arguments. None of Plaintiff's arguments persuade us that the District Court committed a reversible error.

AFFIRMED.