# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 146

OCTOBER TERM, A.D. 2013

November 26, 2013

SHELLEY MOORE,

Appellant
(Defendant),

v.

S-13-0006

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
The Honorable Catherine E. Wilking, Judge

*Representing Appellant:*
    Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.  Argument by Mr. Morgan.

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Christyne Martens, Assistant Attorney General.  Argument by Ms. Martens.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Chief Justice.**

[¶1]    Shelley Moore was convicted after a jury trial of felony possession of cocaine and misdemeanor possession of marijuana.  At trial, he sought to introduce Chauncey Swain's out-of-court statements that the cocaine belonged to him.  The district court excluded the statements because they were hearsay and did not meet the requirements for the "statement against interest" exception to the hearsay rule.  On appeal, Mr. Moore claims the district court erred by refusing to allow Mr. Swain's statements to be introduced into evidence.

[¶2]    We affirm.

## ISSUE

[¶3]    Mr. Moore presents the following issue on appeal:

> Whether the district court abused its discretion when it ruled that Mr. Moore could not present evidence that the other occupant in the vehicle had asserted that the cocaine in the vehicle was his, under W.R.E. 804(b)(3).[1]

## FACTS

[¶4]    On May 25, 2011, Natrona County Sheriff's Deputy Asa Moren stopped a vehicle driven by Mr. Moore because it had crossed the fog line several times.  Deputy Moren smelled marijuana when he approached the vehicle.  Deputy Sean Ellis, who had responded to Deputy Moren's request for backup, approached the vehicle from the passenger side and observed Mr. Moore reaching for his documentation in the glove box with his left hand, but he could not see Mr. Moore's right hand.  As Deputy Ellis spoke with Mr. Swain, the passenger in the vehicle, he saw a "Crown Royal" bag in Mr. Moore's right hand, which he appeared to be trying to conceal between the center console and the driver's seat.

[¶5]    Deputy Ellis then went around to the driver's side and removed Mr. Moore from the vehicle.  As Mr. Moore got out, a partially burned marijuana blunt cigar fell from his

---

[1] Although he did not articulate a separate issue, Mr. Moore also suggests that his constitutional right to present a defense was violated when Mr. Swain's statements were excluded from evidence and the court erred by "mechanistically" applying the hearsay rule to defeat the ends of justice.  Although he cites some general case law stating that principle, he provides no specific analysis of a separate constitutional error.  Given the lack of cogent argument and pertinent authority, we decline to consider any constitutional error outside of the hearsay rule analysis.  *See, e.g., Sands v. Brown,* 2013 WY 60, ¶ 2 n.1, 301 P.3d 128, 129 n.1 (Wyo. 2013).

lap. Deputy Ellis also removed Mr. Swain from the vehicle and noticed the Crown Royal bag on the passenger side floorboard. The officers found crack cocaine inside the bag.

[¶6]   Mr. Moore was charged with felony possession of cocaine and misdemeanor possession of marijuana. Prior to his trial, Mr. Moore's counsel obtained a signed statement from Mr. Swain, declaring the Crown Royal bag and cocaine belonged to him. Mr. Swain also repeated his admission in a recorded telephone conversation with a defense investigator. The State filed a motion in limine seeking exclusion of Mr. Swain's statements as hearsay.

[¶7]   The district court reserved ruling on the liminal motion to see whether Mr. Swain would be available to testify at trial. The district court convened a jury trial in July 2012, and Mr. Swain appeared to testify. However, after he conferred with appointed counsel, Mr. Swain elected to exercise his right not to incriminate himself under the Fifth Amendment to the United States Constitution and refused to testify. The district court declared that Mr. Swain was unavailable as a witness and proceeded to determine whether his earlier statements were admissible under the "statement against interest" exception to the hearsay rule set out in W.R.E. 804(b)(3).

[¶8]   The district court ruled the statements were against Mr. Swain's interest but lacked corroborating circumstances clearly indicating trustworthiness under Rule 804(b)(3). The court gave particular reasons for its finding of insufficient indicia of trustworthiness, including that Mr. Swain and Mr. Moore were friends so he was not a disinterested witness; Mr. Swain had earlier given statements denying any knowledge of the Crown Royal bag or cocaine; and at the time Mr. Swain gave his statements, he was in Texas and not readily subject to prosecution in Wyoming.

[¶9]   The jury found Mr. Moore guilty of both counts, and the district court entered judgment on the jury verdict and sentenced him. Mr. Moore filed a timely notice of appeal to this Court.

## DISCUSSION

[¶10] Mr. Moore asserts the district court erred by refusing to allow Mr. Swain's statements to be admitted into evidence. The abuse of discretion standard applies to the question of whether the district court properly ruled on the State's hearsay objection and excluded the evidence. *Bush v. State,* 2008 WY 108, ¶ 20, 193 P.3d 203, 209 (Wyo. 2008). "A trial court abuses its discretion when it could not have reasonably concluded as it did. In this context, 'reasonably' means sound judgment exercised with regard to what is right under the circumstances and without being arbitrary or capricious." *Szymanski v. State,* 2007 WY 139, ¶ 15, 166 P.3d 879, 883 (Wyo. 2007) (citations omitted).

[¶11] Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." W.R.E. 801(c). Hearsay statements are generally inadmissible because they are made outside of court and, therefore, presumed to be unreliable. W.R.E. 802. *See also, United States v. Hall,* 165 F.3d 1095, 1110 (7th Cir. 1999). However, a hearsay statement may be admitted if it falls within one of the recognized exceptions to the hearsay rule making it sufficiently reliable. *Sanders v. State,* 7 P.3d 891, 895 (Wyo. 2000); *Johnson v. State,* 930 P.2d 358, 361-62 (Wyo. 1996). The hearsay exception at issue in this case is W.R.E. 804(b)(3):

> (b) *Hearsay exceptions*. – The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . . .
>
> (3) Statement Against Interest. – A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

[¶12] Under the common law, a third party confession to a crime was not admissible into evidence as a declaration against interest. The rationale for the exclusion was the "fear of opening the door to a flood of witnesses testifying falsely to confessions that were never made or testifying truthfully to confessions that were false." 2 McCormick on Evidence § 318 (2013). This exclusion was based on the belief that the declarant likely had a criminal character and his unavailability made perjury easier to accomplish. *Id.* Over the years, courts relaxed the common law rule because it hampered exoneration of the innocent. The modern Rule 804(b)(3), therefore, includes declarations against penal interest as an exception to the hearsay rule. *Id.* However, in recognition of the traditional distrust of such declarations, the rule includes the requirement that the hearsay statement be supported by corroborating circumstances that clearly indicate its trustworthiness. W.R.E. 804(b)(3). *See also, King v. State,* 780 P.2d 943, 950-51 (Wyo. 1989).

[¶13] In order to qualify a third party confession for admission under Rule 804(b)(3), the proponent must satisfy three criteria: 1) the declarant must be unavailable as a witness; 2) the statement must be self-inculpatory; and 3) there must be corroborating circumstances clearly indicating the trustworthiness of the statement. *Smith v. State,* 2009 WY 2, ¶ 46, 199 P.3d 1052, 1066 (Wyo. 2009). *See also, Brown v. State,* 953 P.2d

1170, 1178 (Wyo. 1998); *United States v. Jackson,* 334 Fed. Appx. 900, 909 (10th Cir. 2009). In this case, the State conceded that the first two requirements were satisfied; thus, the dispute focused on whether corroborating circumstances existed which clearly indicated Mr. Swain's statement was trustworthy.

[¶14] The written declaration at issue was dated August 21, 2011, and stated:

> I Chaucey [sic] Swain am making a sworn statement regarding the events that took place the night Shelley Moore was arrested. Mr. Moore is being falsely charged with the controlled substance due to the officers not doing their job properly. I was never questioned regarding the crown royal bag or its contents that was found on the passenger floor board.
>
> The bag belonged to myself along with its contents but I was nevered [sic] asked by the officers and was released. There have been a statement [sic] made by myself regarding this evening to an investigator by myself however at this time I need to come forward with honesty.
>
> Mr. Moore did not have any knowledge where the bag came from or the contents. He is being falsely charged and I feel that any punished be bestowed [sic] it should be put on me.
>
> I apologize to the Court however this situation has been a mess from the beginning of the stop.

The statement was signed "Chauncey G. Swain." After Mr. Swain sent the letter, he had a recorded telephone conversation with a defense investigator and again admitted the cocaine belonged to him. Then, on May 23, 2012, he handwrote at the bottom of his written statement: "I agree that I wrote this letter." That statement was signed and notarized.

[¶15] In *Smith,* ¶ 47, 199 P.3d at 1066, we quoted *Johnson,* 930 P.2d at 367-68 as stating the general principles regarding trustworthiness of hearsay statements:

> "Determining the trustworthiness of a hearsay statement involves an evaluation of the corroborating facts which further indicate veracity of the statement, the circumstances and conditions under which the statement was made, the incentive which the declarant may have had to be truthful or untruthful, and any factors contributing to the reliability of

4

the report as related by the witness. *United States v. Bailey,* 581 F.2d 341 (3d Cir.1978). Whether a hearsay statement is sufficiently trustworthy is a matter within the sound discretion of the trial court. *State v. Whyde,* 30 Wash.App. 162, 632 P.2d 913 (1981)."

(some citations omitted).

[¶16]  In prior cases, we have discussed specific factors in determining whether there were corroborating circumstances to establish the trustworthiness of out of court statements against interest.  In *Smith,* ¶ 49, 199 P.3d at 1067, we affirmed the district court's refusal to allow hearsay statements implicating other persons in a murder because there were no independent facts to support the hearsay statements.  *See also, Tennant v. State,* 786 P.2d 339, 344 (Wyo. 1990).  By contrast, the defendant's own testimony in *Sanders,* 7 P.3d at 896, corroborated a co-defendant's out of court statement, rendering it sufficiently reliable for admission.  In *Brown,* 953 P.2d at 1179-80, we found a co-defendant's hearsay statements to be admissible because he had not yet been arrested when he began giving his statement and he continued to provide information after he had been given *Miranda* warnings.  The co-defendant did not contradict himself and provided details of the crime which would have been difficult to fabricate and were confirmed by the investigation.  We also noted there was nothing in the record indicating that the co-defendant was attempting to negotiate a plea deal or was promised leniency.  *Id.*

[¶17]  Mr. Moore cites federal cases in support of his contention that the district court erred by refusing admission of Mr. Swain's statements.  In *United States v. Garcia,* 986 F.2d 1135 (7th Cir. 1993), law enforcement found a large quantity of marijuana in a truck driven by Garcia.  Both he and the passenger in the truck were charged with possession with intent to distribute marijuana.  The passenger admitted the marijuana belonged to him and Mr. Garcia had no knowledge of it, but he refused to testify at Mr. Garcia's trial. Mr. Garcia sought introduction of the passenger's admission, but the district court found the requirements for admission under F.R.E. 804(b)(3)[2] were not satisfied.  *Id.* at 1136-39.

[¶18]  On appeal, the Seventh Circuit concluded the trial court erred by excluding the passenger's hearsay statement under F.R.E. 804(b)(3) because there were sufficient corroborating circumstances to clearly indicate it was trustworthy.  *Id.* at 1140-41.  The passenger voluntarily gave the statement exculpating Garcia shortly after being advised of his *Miranda* rights and there was nothing in the record suggesting the statement was

---

[2]  F.R.E. 804(b)(3) is similar to W.R.E. 804(b)(3) although there are differences in the wording of the two provisions.  In any event, the federal courts apply virtually the same test we use to determine the admissibility of hearsay statements under the exception.  *See, e.g., Garcia,* 986 F.2d at 1139; *Jackson,* 334 Fed. Appx. at 909; *United States v. Spring,* 80 F.3d 1450, 1460 (10th Cir. 1996).

made to "curry favor with authorities." *Id.* at 1140 (footnote omitted). He repeated the statement consistently on several occasions. The court also noted there was no evidence that Garcia and the passenger were friends which would have given the passenger a motive to fabricate the statements to benefit Garcia. *Id.*

[¶19] Mr. Moore also directs us to *United States v. Slaughter,* 891 F.2d 691 (9th Cir. 1989) in support of his argument that Mr. Swain's statements should have been admitted under Rule 804(b)(3). In *Slaughter,* the Ninth Circuit ruled the trial court erred by excluding an out of court declaration that the government's informant had used cocaine with the declarant and the defendant. The court found that the requirements of the test for statements against interest were satisfied and the defendant had been denied the opportunity to present evidence of his asserted defense of entrapment. Of particular interest to the case at bar, the Ninth Circuit found the hearsay statement was corroborated by the defendant's testimony. *Id.* at 698.

[¶20] We conclude the district court properly exercised its discretion when it denied admission of Mr. Swain's statements in this case. The factors cited by the district court in support of its ruling were appropriate in light of the relevant case law. Mr. Moore and Mr. Swain were friends, which, unlike the passenger in *Garcia, supra,* gave Mr. Swain a motive to lie. Unlike in *Brown* and *Garcia,* Mr. Swain had given prior statements to law enforcement and defense counsel denying knowledge of the Crown Royal bag and cocaine. Mr. Swain's earlier statements were inconsistent with his later admissions and were made closer to the time of the incident. The fact that Mr. Swain did appear at Mr. Moore's trial, apparently prepared to testify that the cocaine was his, weighed in favor of the veracity of his statements; however, as the district court noted, the fact that Mr. Swain was not in Wyoming and immediately subject to prosecution when he provided the self-inculpatory statements weighed against its trustworthiness.

[¶21] The record also reveals other indications the statements were unreliable. Mr. Swain declared that the officers never questioned him about the Crown Royal bag or its contents. The State introduced Deputy Ellis' report which calls that statement into serious doubt. The report stated in relevant part:

> Deputy Ellis asked Swain if he knew anything about the black and yellow Crown Royal bag. Swain denied any knowledge of the bag, and stated to Deputy Ellis [that] Moore had thrown the bag across the interior of the car with his right hand as Deputy Ellis moved around the car to Moore's side.

In addition, Deputy Ellis testified that he witnessed the bag in Mr. Moore's hand and Mr. Moore attempted to conceal it between the center console and driver's seat, which further discredits Mr. Swain's later statements that Mr. Moore knew nothing about the bag or its contents. Finally, Mr. Swain provided no independent facts which would have been

6

known only to the perpetrator and the defense presented no independent evidence to corroborate Mr. Swain's statements. *Smith,* ¶ 49, 199 P.3d at 1067. *See also*, *Hall,* 165 F.3d at 1112; *Jackson,* 334 Fed. Appx. at 909 (indicating that an appropriate corroborating circumstance includes the declarant providing information which would only be known to the person who committed the crime). For example, Mr. Swain did not describe the origins of the bag or the cocaine or how the bag had gotten into the vehicle driven by Mr. Moore. *Compare, Garcia,* 986 F.2d at 1137-38 (co-defendant provided details on origin of marijuana and plan for distribution).

[¶22] Under these circumstances, the district court did not abuse its discretion when it weighed the factors and concluded Mr. Moore did not present sufficient corroborating circumstances to establish the trustworthiness of Mr. Swain's statements under W.R.E. 804(b)(3). Mr. Swain's statements were properly excluded as inadmissible hearsay.

[¶23] Affirmed.