# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 5

**OCTOBER TERM, A.D. 2013**

**January 15, 2014**

MOTZKO COMPANY USA, LLC., a
Minnesota Limited Liability Co.,

Appellant
(Defendant),

v.                                                                 S-13-0096

A & D OILFIELD DOZERS, INC., a
Wyoming Corporation,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
The Honorable Wade E. Waldrip, Judge

*Representing Appellant:*
　　　Ronald G. Pretty, Cheyenne, Wyoming.

*Representing Appellee:*
　　　Kurt Kelly and Brandon W. Snyder of MacPherson, Kelly & Thompson, LLC,
　　　Rawlins, Wyoming.

*Before KITE, C.J., and HILL, VOIGT\*, BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.
Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building,
Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made
before final publication in the permanent volume.

**KITE, Chief Justice.**

[¶1]   The district court granted A & D Oilfield Dozer, Inc.'s (A & D) motion for summary judgment dismissing Motzko Company USA, LLC's (Motzko) counterclaim as untimely.   After the district court held a bench trial on A & D's claims and entered judgment, Motzko appealed the district court's summary judgment order.

[¶2]   We affirm.

## ISSUES

[¶3]   The issues on appeal are:

1.      Whether the district court properly granted summary judgment in favor of A & D dismissing Motzko's counterclaim.

2.      Whether Motzko's counterclaim is moot in light of the district court's ruling after the bench trial on A & D's claims.

3.      Whether A & D is entitled to attorney fees and costs under W.R.A.P. 10.05.

## FACTS

[¶4]   The facts relevant to the issues raised in this appeal are undisputed.   In April 2009, the United States Department of Transportation, Federal Highway Administration, awarded Motzko a contract for work on Sage Creek Road in Carbon County.   On July 22, 2010, Motzko and A & D entered into a standard subcontract for part of the Sage Creek Road work and agreed that A & D would be paid $97,917.   A & D satisfactorily completed the work under the subcontract by August 31, 2010.

[¶5]   Motzko and A & D entered into a second contract for additional work on the project on a time and materials basis.   Motzko gave A & D notice to proceed with the additional work on September 13, 2010.   As part of the additional work, A & D demobilized Motzko's equipment and materials and removed them from the jobsite to a storage area belonging to A & D.

[¶6]   A & D invoiced Motzko $245,098.03 for the work under both contracts.   Motzko sent A & D a check for $173,754.07 with the notation - "Final Pymt—Sage Creek Road."   A & D demanded the check be reissued without the "final payment" notation, and Motzko complied.

[¶7]   A & D demanded payment for the remaining balance due of $71,343.96 and it eventually received another check for $20,000.   In June 2012, A & D filed suit against

1

Motzko for breach of contract damages and storage fees for Motzko's equipment and materials. Motzko's attorney accepted service of the complaint and summons on July 2, 2012. Motzko then moved to have the matter removed to federal court and filed its answer and counterclaim in that court. On August 8, 2012, the federal court remanded the case to the state district court because there was no showing of a basis for the federal court to assume jurisdiction. Neither Motzko's answer nor counterclaim was filed in the state court.

[¶8]    After the case was remanded to the state court, A & D filed an answer to Motzko's counterclaim. At a scheduling conference on September 6, 2012, the district court asked A & D why it had filed an answer to Motzko's counterclaim when there was no counterclaim on record in the district court. Motzko filed its counterclaim in the district court on September 25, 2012. The counterclaim alleged that A & D had been overpaid on the contracts and had converted Motzko's equipment.

[¶9]    A & D filed a motion for summary judgment, claiming Motzko's counterclaim was untimely and should be dismissed. After a hearing, the district court ruled, pursuant to W.R.C.P. 13, Motzko's counterclaim was compulsory; it was not filed in the district court within the time period allowed by the rule; and Motzko did not request leave to file a late counterclaim. Motzko asserted its counterclaim was timely because it was filed in federal court and the entire federal court file should have been transferred to the district court upon remand. The district court noted Motzko cited no authority for this position and federal statute only required a copy of the order of remand, rather than the entire file, be sent to the district court. It granted summary judgment to A & D and dismissed Motzko's counterclaim.

[¶10]  The district court then held a bench trial on A & D's claims and granted judgment in its favor for contract damages and storage fees. Motzko appealed the district court's dismissal of its counterclaim.

## STANDARD OF REVIEW

[¶11]  Our standard of review for a summary judgment decision is *de novo,* and we use the same materials and follow the same standards as the district court. *Michael's Constr., Inc. v. American Nat'l Bank,* 2012 WY 76, ¶ 8, 278 P.3d 701, 703-04 (Wyo. 2012); *Grynberg v. L & R Exploration Venture*, 2011 WY 134, ¶ 16, 261 P.3d 731, 736 (Wyo. 2011).

## DISCUSSION

### A.  Summary Judgment on Counterclaim

[¶12] A & D's summary judgment motion sought dismissal of Motzko's counterclaim on the grounds it was compulsory and had not been filed in a timely manner under W.R.C.P. 13. Rule 13 states in relevant part:

> (a) *Compulsory Counterclaims.* – A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .
> . . . .
>
> (c) *Effect of Counterclaim on Relief Sought by Opposing Party.* – A counterclaim may or may not diminish or defeat the recovery sought by the opposing party.
> . . . .
>
> (f) *Omitted Counterclaim.* – When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

In *Lane Co. v. Busch Dev., Inc.,* 662 P.2d 419, 423-24 (Wyo. 1983), we stated that "[o]rdinarily, a claim which is a compulsory counterclaim under . . . W.R.C.P. 13(a), but is not brought, is thereafter barred."

[¶13] The district court ruled that Motzko's counterclaim was compulsory because it arose out of the same transaction or occurrence that was the subject matter of A & D's complaint and it was not filed in state court within the time required by Rule 13(a). Motzko also did not seek leave under Rule 13(f) to file a late counterclaim. On appeal, Motzko does not contest the district court's findings that the counterclaim was compulsory and was not filed in state court before the procedural deadline.[1] Applying the *Lane* ruling, Motzko's failure to file a compulsory counterclaim results in it being barred.

[¶14] Motzko asserted in the district court that it had filed the counterclaim in a timely fashion in federal court and "the Federal Rules of Civil Procedure required the entire federal court file, including all pleadings, be transmitted" to the state court. Motzko did not cite any specific rule or other pertinent authority in support of its argument that the

---

[1] Motzko's answer was also filed in federal court but not in the district court (except as an exhibit to Motzko's reply to A & D's motion for summary judgment). A & D did not attempt to default Motzko and the district court did not consider the consequences of the lack of an answer in its file. We will not, therefore, address the matter.

entire file should have been remanded and the district court concluded Motzko was incorrect. Motzko, likewise, does not provide any pertinent authority or cogent argument regarding the significance of the federal court filings in its appellate brief in this Court. We will not, therefore, consider whether the district court was correct in ruling the federal court filings were not effective in state court.[2] *See Moore v. State,* 2013 WY 146, ¶ 3 n.1, 313 P.3d 505, 507 n.1 (Wyo. 2013), citing *Sands v. Brown,* 2013 WY 60, ¶ 2 n.1, 301 P.3d 128, 129 n.1 (Wyo. 2013).

[¶15] Instead of challenging the underlying basis for the dismissal of its counterclaim, Motzko asserts the district court did not have authority to dismiss it on summary judgment. Motzko asserts summary judgment cannot be granted on a claim simply because a litigant did not comply with procedural rules. Motzko's position is, of course, incorrect.

[¶16] W.R.C.P. 56(c) governs summary judgments and states in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgments are often used when a claim is barred for failing to comply with procedural requirements. *See, e.g.*, *Case v. Sink & Rise, Inc.,* 2013 WY 19, 297 P.3d 762 (Wyo. 2013) and *Sandstrom v. Sandstrom,* 884 P.2d 968 (Wyo. 1994) (affirming summary judgments dismissing claims because of the appellants' failures to respond to motion in accordance with the rules). Although a summary judgment motion may be based upon affidavits and other documents which assert a lack of material facts, it may also be based solely on a question of law which is set out exclusively in the pleadings. Under those circumstances, a summary judgment motion is functionally equivalent to a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c). *Landmark, Inc. v. Stockmen's Bank & Trust, Co.,* 680 P.2d 471, 474-75 (Wyo. 1984). In *Duran v. Board of County Comm'rs of Sweetwater County,* 787 P.2d 971, 975 (Wyo. 1990), this Court concluded that either summary judgment or dismissal

---

[2] A & D states in its brief that "[c]ourts have been split with regard to whether pleadings filed with a federal court are to be given effect at the state court level," although the more recent cases seem to favor giving effect to such pleadings. *Compare, e.g.*, *Morbeck v. Bradford-Kennedy Co.,* 113 P. 89 (Idaho 1910) and *Tracy Loan & Trust Co. v. Mutual Life Insr. Co. of New York,* 7 P.2d 279 (Utah 1932) (federal court filings not effective in state court) with *Banks v. Allstate Indemnity Co.,* 757 N.E.2d 776 (Ohio Ct. App. 2001) and *Citizen's Nat'l Bank v. First Nat'l Bank,* 331 N.E.2d 471 (Ind. Ct. App. 1975) (pleadings filed in federal court have effect in state court upon remand). Given Motzko's failure to properly present or argue this issue, we will not further consider it.

under Rule 12(b)(6) was proper when the claim was not filed within the statutory period.[3] Motzko has not demonstrated any basis to reverse the district court's dismissal of its counterclaim on summary judgment.

### B. Mootness

[¶17] A & D also argues the issues raised in the counterclaim were necessarily and finally decided upon the trial of A & D's complaint, rendering Motzko's proposed counterclaim moot. "'[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *White v. Shane Edeburn Constr., LLC,* 2012 WY 118, ¶ 13, 285 P.3d 949, 953 (Wyo. 2012), quoting *Christian Coalition of Fla., Inc. v. United States,* 662 F.3d 1182, 1189 (11th Cir. 2011).

> Our general law on justiciability provides that courts should not consider issues which have become moot. We do not decide cases when a decision will have no effect or pertains only to matters that might arise in the future. A case is moot when the determination of an issue is sought which, if provided, will have no practical effect on the existing controversy. Therefore, if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it.

*Northern Arapahoe Tribe v. State, Dep't of Family Servs. (In re SNK),* 2003 WY 141, ¶ 18, 78 P.3d 1032, 1037 (Wyo. 2003), quoting *Wyoming Bd. of Outfitters & Prof'l Guides v. Clark,* 2002 WY 24, ¶ 9, 39 P.3d 1106, 1108 (Wyo. 2002) (some citations omitted).

[¶18] A & D's complaint stated claims for breach of contract because Motzko had not fully paid it for the work performed on the Sage Creek Road project and payment of storage fees. Motzko's counterclaim, asserting that it had overpaid A & D on the contracts and A & D had converted the stored property, provided direct defenses to A & D's claims. The trial court proceedings clearly show that the assertions set out in Motzko's counterclaim were actually addressed.

---

[3] Interestingly, Motzko's reply to A & D's motion for summary judgment included documents which were not part of the state court pleadings, including those filed in federal court. Had A & D filed a motion to dismiss or for a judgment on the pleadings, it would have been converted to a summary judgment motion anyway because Motzko relied on documents outside the pleadings in the state court case. *See* W.R.C.P. 12(b) and (c)*; Burke v. State Dep't of Health,* 2009 WY 138, ¶ 11, n.2, 219 P.3d 122, 125, n.2 (Wyo. 2009); *Scherer v. Schuler Custom Homes Constr., Inc.,* 2004 WY 109, ¶ 9, 98 P.3d 159, 161 (Wyo. 2004).

[¶19]  Prior to the trial, Motzko failed to respond to ten requests for admission presented by A & D, and the district court ruled the matters were deemed admitted.  The relevant requests for admission stated:

>  Request for Admission No. 7:  Admit that [Motzko] requested [A & D] to demobilize [Motzko's] equipment after [A & D] completed its work on the Sage Creek Road Project.

>  Request for Admission No. 8:  Admit that [Motzko] never paid [A & D] any storage rental for equipment stored by [A & D].

>  Request for Admission No. 9:  Admit that [Motzko] owes [A & D] money for construction work done by [A & D] at the request of [Motzko] on the Sage Creek Road Project.

[¶20]  At the beginning of the trial, the effect of the admissions was addressed by the court and counsel.

>  [Motzko's attorney]:  [S]o I think Rule 35(a) [sic] is very clear, they're not admitted or denied, so they're being admitted.  The Court's entered an order to that effect.  . . .

>  There was an oral contract.  There was a -- there is money owing.  How much is owed is -- is a question for the Court.  And, . . . that they were asked to store the property, but that does not mean they were authorizing [it] to be stored at the rate that they said they were, because the parties never even had [an] agreement on that, so -- Your Honor.

>  THE COURT:  Well, the requests to admit are deemed admitted, and that means exactly what it says.  All those issues need not be proven.  They have been admitted before this Court.

[¶21]  Clearly, Motzko had not overpaid A & D because Motzko admitted that money was still owed to A & D on the Sage Creek Road project.  The issue of how much was actually owed to A & D was addressed at trial.  The district court entered findings of fact and conclusions of law based upon the evidence presented, which included specific findings as to the reasonableness of A & D's charges and the final amounts due under the contracts.  Thus, even if we were to conclude the district court erred by dismissing

6

Motzko's counterclaim, the issue would be moot because the ruling would have no effect on an existing controversy.

[¶22] Motzko's counterclaim also alleged that A & D converted the stored equipment.

> "Conversion occurs when a person treats another's property as his own, denying the true owner the benefits and rights of ownership." *Johnson v. Reiger,* 2004 WY 83, ¶ 27, 93 P.3d 992, 999 (Wyo.2004). To establish a claim for conversion, the following elements must be met: (1) plaintiff had legal title to the converted property; (2) plaintiff either had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff his rights to use and enjoy the property; (4) in those cases where the defendant lawfully, or at least without fault, obtained possession of the property, the plaintiff made some demand for the property's return which the defendant refused; and (5) the plaintiff has suffered damage by the loss of the property. *See id.* at ¶ 27, at 999–1000.

*McTiernan v. Jellis,* 2013 WY 151, ¶ 23, ___ P.3d ____, ____ (Wyo. 2013).

[¶23] Motzko admitted that it asked A & D to demobilize its equipment. Motzko's attorney agreed that A & D was asked to store the property and stated the issue for trial was the amount of the storage fees. The district court specifically found that Motzko never requested return of the equipment until it was released on June 21, 2012.[4] The admissions and the district court's findings defeated any possible conversion claim—A & D properly took possession of the equipment pursuant to Motzko's request to demobilize it; A & D did not exercise dominion in a manner to deny Motzko its right to use and enjoy its property; and Motzko did not demand return of the equipment until the date A & D released it. Motzko's conversion claim is, therefore, moot.

### C. Appellate Fees and Costs

[¶24] A & D requests an award of attorney fees and costs pursuant to W.R.A.P. 10.05:

> If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief with the cost to be computed at the rate allowed by law

---

[4] A & D released some of the equipment to others after they demonstrated the equipment belonged to them rather than to Motzko. The district court credited Motzko for storage fees paid by the owners.

for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

[¶25] Sanctions under W.R.A.P. 10.05 are available when the appellant fails to present cogent argument, cite pertinent authority and/or cite to the record in accordance with our rules of appellate procedure. *Harignordoquy v. Barlow,* 2013 WY 149, ¶ 28, 313 P.3d 1265, 1272 (Wyo. 2013). In this case, Motzko did not include proper citations to the record in its appellate brief and did not present cogent argument or pertinent authority to support its assertion the district court's dismissal of its counterclaim was in error. We conclude, therefore, that sanctions under W.R.A.P. 10.05 are warranted and direct A & D to submit an appropriate application.

[¶26] Affirmed.