# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 118

OCTOBER TERM, A.D. 2025

November 3, 2025

MICHAEL ISREAL ROBIN, SR.,

Appellant
(Defendant),

v.

S-25-0054

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

*Representing Appellant:*
   Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.

*Representing Appellee:*
   Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ., and MCGRADY, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**MCGRADY, District Judge.**

[¶1]    Michael Isreal Robin, Sr., appeals from his jury conviction for robbery, challenging the district court's admission into evidence of a recording of the victim's 911 call made immediately following the robbery.  Mr. Robin contends the admission of the 911 call violated his Sixth Amendment right to confront the caller and that the call constituted inadmissible hearsay.  We conclude the district court did not err in admitting the 911 recording and affirm Mr. Robin's conviction.  We hold that the admission of the victim's statements during the 911 call did not violate the Confrontation Clause of the United States Constitution and that it was properly admitted under the excited utterance exception to the hearsay rule.  We affirm.

## *ISSUES*

[¶2]    Mr. Robin raises two related issues on appeal, which we rephrase as follows:

1. Whether the admission of the victim's 911 call violated Mr. Robin's Sixth Amendment right to confront an adverse witness.

2. Whether the district court abused its discretion by admitting the 911 call under the Wyoming Rules of Evidence, specifically the excited utterance exception to the hearsay rule W.R.E. 803(2).

## *FACTS AND PROCEDURAL HISTORY*

[¶3]    In the early morning hours of June 1, 2023, Mr. Robin and his friend, Keil Muir, met John Grier at a gaming establishment in Cheyenne.  Mr. Grier, an older gentleman, mentioned he had several money orders to cash.  After the casino closed, Mr. Robin and Mr. Muir offered Mr. Grier a ride home, which he accepted.  Mr. Muir drove, Mr. Grier sat in the front passenger seat, and Mr. Robin sat in the back seat directly behind Mr. Grier.

[¶4]    Upon arriving in front of Mr. Grier's apartment, Mr. Robin suddenly reached over the front seat, grabbed Mr. Grier by the shirt collar, and prevented him from exiting the car.  Mr. Robin demanded that Mr. Grier hand over the money orders.  Testimony at trial was inconsistent regarding whether Mr. Robin was armed.  At the time of trial, Mr. Muir testified that he never saw Mr. Robin with a gun, yet in multiple earlier statements to law enforcement, Mr. Muir claimed that Mr. Robin held both him and Mr. Grier at gunpoint.  Ultimately, Mr. Grier handed over the money orders to Mr. Robin and exited the vehicle.

[¶5]    Mr. Grier went into his apartment and called 911 for help.  In response to the dispatcher's questions about what happened and whether he was in a safe place, Mr. Grier,

1

between sobs, stated that two men had robbed him at gunpoint, hit him in the face with a gun, threw him out of a car, and drove off. He affirmed he was no longer in immediate danger but remained extremely distressed.

[¶6]   Law enforcement and paramedics arrived at Mr. Grier's residence shortly after the call. First responders observed that Mr. Grier was crying and complaining of facial pain. Mr. Grier was evaluated for injuries, and officers began their investigation, which ultimately resulted in Mr. Robin being arrested and charged with aggravated robbery under Wyo. Stat. Ann. § 6-2-401(c).

[¶7]   In its pretrial memorandum, the State listed Mr. Grier as a potential witness but disclosed that Mr. Grier was "[s]uffering from memory issues – testimony is not certain." In response, Mr. Robin filed an objection to the State's pretrial memorandum and a motion in limine to prohibit the testimony of Mr. Grier at trial on the grounds that Mr. Grier was not competent to testify. The State responded by asserting that it did not intend to call Mr. Grier at trial but did intend to introduce several of Mr. Grier's prior statements under hearsay exceptions, including a recording of the 911 call. Mr. Robin then filed a motion in limine to preclude the use of any out-of-court statements from Mr. Grier under the Confrontation Clause of the Sixth Amendment. The parties continued to argue the admissibility of Mr. Grier's out-of-court statements in further court filings, with the district court ultimately issuing an order on the matter after hearing. The district court found that the 911 call was nontestimonial and admissible under the present sense impression and excited utterance exceptions to the hearsay rule, thus denying Mr. Robin's motions in limine.

### STANDARD OF REVIEW

[¶8]   We review de novo the question of whether the admission of evidence violated a defendant's constitutional right to confrontation. *Bruce v. State*, 2015 WY 46, ¶ 19, 346 P.3d 909, 916 (Wyo. 2015). In doing so, we defer to the trial court's factual findings unless they are clearly erroneous. *Id.* Whether a hearsay statement falls under a particular exception is reviewed for an abuse of discretion. *Moore v. State*, 2013 WY 146, ¶ 10, 313 P.3d 505, 508 (Wyo. 2013). A trial court's decision enjoys considerable deference, and we will not disturb it if there was a legitimate basis for the ruling. *Bruce*, ¶ 19, 346 P.3d at 916 (citation omitted).

### DISCUSSION

### I.   *The admission of the 911 call did not violate the Confrontation Clause.*

[¶9]   The district court correctly determined that Mr. Grier's statements during the initial portion of the 911 call were nontestimonial. Applying the "primary purpose" test adopted in *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 2273–74, 165 L.Ed.2d 224

(2006), and reaffirmed in *Michigan v. Bryant*, 562 U.S. 344, 361–67, 131 S.Ct. 1143, 1157–60, 179 L.Ed.2d 93 (2011), Wyoming courts examine whether, viewed objectively, the circumstances indicate the statements were made to deal with an ongoing emergency or instead to establish past facts for later prosecution. *See Bruce*, ¶¶ 24–27, 346 P.3d at 918–19; *see also Smith v. Arizona*, 602 U.S. 779, 792–93, 144 S.Ct. 1785, 1796–97, 219 L.Ed.2d 420 (2024) ("the [Confrontation] Clause applies solely to 'testimonial *hearsay*'" (citation omitted)).

[¶10]   Several factors support the district court's finding. First, Mr. Grier called 911 within approximately five minutes of being robbed and assaulted at gunpoint. The perpetrators had fled, believed to be armed and at large, creating a continuing threat to the victim, the police, and the public. The dispatcher's questions focused on whether Mr. Grier was safe, whether anyone was injured, where the gun was, and which direction the robbers had gone. These circumstances, like those in *Bryant*, demonstrated that the primary purpose of the exchange was to respond to an ongoing emergency rather than to create evidence for trial. *See Bryant*, 562 U.S. at 371–74, 131 S.Ct. at 1163–64.

[¶11]   Second, the court relied on Mr. Grier's emotional and physical state. The record shows he was audibly upset, crying, and speaking with a shaky voice. Such distress is inconsistent with deliberate testimony but consistent with a victim seeking urgent help. *See Bruce*, ¶ 30, 346 P.3d at 920.

[¶12]   Third, the context and informality of the 911 call weighed against treating the statements as testimonial. Unlike a formal police interrogation, the call was a spontaneous plea for help in the immediate aftermath of a violent event. *See Bruce*, ¶ 35, 346 P.3d at 921.

[¶13]   Taken together, these circumstances support the district court's conclusion that Mr. Grier's statements were reflexive, emergency-driven, and not "testimonial" within the meaning of the Confrontation Clause. *See Bruce*, ¶ 37, 346 P.3d at 922. Because Mr. Grier's 911 call was nontestimonial, the Sixth Amendment did not bar its admission. *See Vigil v. State*, 2004 WY 110, ¶¶ 18–19, 98 P.3d 172, 177–79 (Wyo. 2004) (testimonial hearsay inadmissible absent legal unavailability or prior opportunity for cross-examination).

## II.     The 911 call was properly admitted under the excited utterance exception.

[¶14]   Having concluded the Confrontation Clause did not bar the evidence, we consider whether the district court abused its discretion in admitting the call under the hearsay rules. Hearsay is inadmissible unless it falls within a recognized exception. W.R.E. 802; *Moore*, ¶ 11, 313 P.3d at 508. In this matter, the district court found that two hearsay exceptions were applicable: the excited utterance exception under W.R.E. 803(2) and the present sense impression exception under W.R.E. 803(1).

[¶15]   The court admitted Mr. Grier's 911 statements under W.R.E. 803(2), which allows "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."  This Court has explained that such statements are presumed trustworthy because the stress of excitement "temporarily stills the senses and alleviates any motive to fabricate."  *Boykin v. State*, 2005 WY 15, ¶ 7, 105 P.3d 481, 483 (Wyo. 2005) (citation omitted).  The determination of whether testimony qualifies under the excited utterance exception requires a fact-specific inquiry, with each case examined on its unique circumstances.  *Id.* ¶ 10, 105 P.3d at 484–85.

[¶16]   Five factors guide the excited utterance analysis: "(1) the nature of the startling event; (2) the declarant's physical manifestation of excitement; (3) the declarant's age; (4) the lapse of time between the event and the hearsay statement; and (5) whether the statement was made in response to an inquiry."  *Bruce*, ¶ 48, 346 P.3d at 924 (citation omitted).  The excited utterance exception, unlike the present sense impression exception, does not require immediacy; statements made minutes or even hours after a startling event may qualify if the declarant remains under stress or shock from the event.  *See id.* ¶¶ 50–51, 346 P.3d at 925.  The ultimate inquiry is whether the statement was "spontaneous, excited or impulsive rather than the product of reflection and deliberation."  *Sanchez v. State*, 2011 WY 77, ¶ 22, 253 P.3d 136, 143 (Wyo. 2011) (citation omitted).

[¶17]   Applying these factors, the district court correctly admitted the call.  The armed robbery was a shocking, violent event.  Mr. Grier's labored breathing, crying, and trembling voice reflected ongoing distress.  His age (67) was a neutral factor.  The short lapse in time between the incident and the call to 911—about five minutes—favored admission.  Although his responses were prompted by the dispatcher's questions, that fact alone does not preclude excited utterance treatment.  *See Boykin*, ¶ 10, 105 P.3d at 484.

[¶18]   On this record, the district court reasonably found Mr. Grier's statements spontaneous and impulsive, not the product of reflection or deliberation.  *Bruce*, ¶ 49, 346 P.3d at 924–25.  His call plainly "relat[ed] to a startling event" and was made "under the stress of excitement" as required by W.R.E. 803(2).  *Id.*

[¶19]   We therefore hold the district court did not abuse its discretion in admitting the recording.  The jury appropriately weighed Mr. Grier's statements—indeed, it acquitted Mr. Robin of aggravated robbery, convicting him only of simple robbery—demonstrating that it considered any inconsistencies.  Because we find the 911 call admissible under the excited utterance exception to the hearsay rule, we need not review its admissibility under the present sense impression exception.

4

## *CONCLUSION*

[¶20]  Mr. Grier's 911 call was admissible both under the Confrontation Clause and under the excited utterance exception to hearsay.  The call captured a victim speaking under the stress of a startling event, seeking aid during an ongoing emergency.  Such statements did not constitute testimonial hearsay barred by the Sixth Amendment and were properly admitted as excited utterances under W.R.E. 803(2).  Because the district court did not err in admitting this evidence, Mr. Robin's conviction for robbery stands.  The judgment of the district court is affirmed.